# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| JIMMY LYNCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-3270-CV-S-GAF-SSA |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff's application under Title II of the Social Security Act (the Act) 42 U.S.C. §§ 401, *et seq*, was denied initially. On November 23, 2004, following a hearing, an administrative law judge (ALJ) rendered a decision, in which she found that plaintiff was not under a "disability" as defined in the Act. On April 21, 2005, the Appeals Council of the Social Security Administration denied plaintiff's request for review. Thus, the ALJ's decision is the final decision of the Commissioner for this appeal.

The standard of appellate review of the Commissioner's decision is limited to a determination of whether the decision is supported by substantial evidence on the record as a whole. *See Patrick v. Barnhart*, 323 F.3d 592, 595 (8th Cir. 2003) (citing *Hildebrand v. Barnhart*, 302 F.3d 836, 838 (8th Cir. 2002)). Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support the Commissioner's conclusion. *See Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Evidence that both supports and detracts from the Commissioner's decision should be considered, and an administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. *See id*. If, after reviewing the record, the Court

finds that it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the Court must affirm the decision of the Commissioner. *See Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000) (citations omitted).

In order to establish entitlement to disability benefits, plaintiff must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable impairment which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* 42 U.S.C. §§ 423(d)(1)(A) and 1382(a)(3)(A); 20 C.F.R. § 404.1505 (2005). The Supreme Court in *Barnhart v. Walton*, 535 U.S. 212 (2002), upheld the Commissioner's interpretation of this statutory definition which requires that both the "impairment" and the "inability to engage in any substantial gainful activity" must last or be expected to last for 12 months. *Id*. at 212-13, 218-20. The ALJ found that although plaintiff's impairments precluded him from performing his former work, they did not preclude him from performing the light jobs identified by the vocational expert. Accordingly, the ALJ found that plaintiff was not disabled.[1]

Plaintiff argues that the ALJ improperly evaluated the credibility of his subjective complaints of disability. The subjective aspects of a plaintiff's complaints must be considered within the confines of the Commissioner's regulations at 20 C.F.R. § 404.1529 (2005), and the framework set forth in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). In addition to considering objective medical evidence, the factors for evaluating subjective complaints include: daily activities; the duration, frequency, and intensity of the claimant's pain; precipitating and aggravating factors; dosage,

---

[1]Upon review of the record and applicable authority herein, the defendant's position is found to be controlling. Much of the defendant's brief has been adopted with quotation noted.

effectiveness, and side effects of medication; and functional restrictions. *See Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)). Plaintiff argues that the ALJ failed to address all of the factors. The Eighth Circuit has held, however, that an ALJ is not required to discuss methodically each *Polaski* consideration, so long as she acknowledged and examined those considerations before discounting plaintiff's subjective complaints. *See Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000) (citing *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996)).

Plaintiff argues that the ALJ found his complaints "credible;" therefore, he should be found disabled. The sentence to which plaintiff refers is as follows:

> Claimant's allegations, including subjective complaints of pain, *are credible not* in light of his lack of medical treatment, the reports of treating and examining practitioners, objective laboratory testing and findings, the need for only mild or over-the-counter pain medication, and because his treating specialists all report he is capable of a limited range of light work activity.

(emphasis added). Clearly, this is a typographical error and the ALJ inverted the words "credible" and "not." The ALJ's narrative analysis of plaintiff's credibility shows that she found plaintiff's complaints "not credible." Furthermore, in her findings, the ALJ clearly stated: "The undersigned finds claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of this decision."

The ALJ noted that plaintiff had a good work history through 2002. He testified, however, that he stopped working because his employer did not have any work available with his restrictions, not because he was unable to do all types of work. He also testified that he had looked for work, but could not find any work in welding with his restrictions. Plaintiff's statement that he was seeking work

in inconsistent with disability and indicates that he did not view his pain as disabling. *See Bentley v. Shalala*, 52 F.3d 784, 786 (8th Cir. 1995).

The ALJ also noted that plaintiff testified that his medications made him drowsy, but the medical evidence from his physicians does not show that he ever complained of this side effect. If he was suffering from side effects from his medications, it is reasonable that he would have mentioned this to his physicians. *See Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994). Furthermore, plaintiff testified that if he took one pain pill, he could get along all right, and that his anti-inflammatory medication did not cause problems. This suggests that any side effects plaintiff suffered from his medications were not limiting.

Plaintiff finds fault with the ALJ's statement that plaintiff used only mild or over-the-counter pain medications. This was not an incorrect statement. While plaintiff has been prescribed pain medications, when he saw Dr. McClain on July 30, 2002, he reported that he took an average of one to two pain pills per week, but tried to manage his pain with Tylenol.

In addition, although plaintiff alleged disability, in part, due to disabling back pain, the medical evidence does not support a disabling back impairment. The ALJ noted that the objective medical evidence shows only minor findings of arthritis. Plaintiff testified that he had always had back problems, but that his back pain got worse after he injured his shoulder. Inconsistently, the medical evidence shows very little treatment for back pain. The evidence shows that plaintiff first complained of back and knee pain on July 22, 2003. He did not seek treatment again until December 4, 2003, when he said he had done something to his back lifting the day before. There is no evidence of further treatment for any impairment. Plaintiff's failure to seek treatment for impairments which he alleges were so severe

4

as to be disabling is inconsistent with his claim.  *See Moad v. Massanari*, 260 F.3d 887, 892 (8th Cir. 2001) (citing *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997)) ("failure to seek medical assistance for her alleged physical . . . impairments contradicts her subjective complaints of disabling conditions and supports the ALJ's decision to deny benefits").  The ALJ also noted that although plaintiff complained of problems with his knees and shortness of breath, there is no objective medical evidence or testing showing that these impairments were disabling.  While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole.  *See Anderson v. Barnhart*, 344 F.3d 809, 814 (8th Cir. 2003) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)); 20 C.F.R. § 404.1529(c)(2) (2005).

      The ALJ further noted that plaintiff's treating orthopedic surgeon, Dr. McClain, and his consultative orthopedic surgeon, Dr. Schlafly, both agreed that plaintiff was able to perform light work activity with restrictions and limitations due to his left upper extremity.  When plaintiff last saw Dr. McClain on September 22, 2002, Dr. McClain opined that plaintiff could perform light duty work with a 10-pound lifting limitations on a frequent basis, and 20 pounds occasionally, not to exceed shoulder level in height.  On November 5, 2002, Dr. Schlafly agreed with Dr. McClain's restrictions and opined that plaintiff had 45 percent permanent partial impairment of the left shoulder.  The ALJ accounted for these limitations in her residual functional capacity assessment.

      Plaintiff testified to quite limited activities.  His sons and a housekeeper did the household chores.  Although if accepted as true, plaintiff's daily activities show limitations, the ALJ is not required to believe all of a claimant's assertions concerning his activities.  *See Johnson v. Chater*, 87 F.3d

1015, 1018 (8th Cir. 1996). Furthermore, an analysis of daily activities is only one factor to be considered in evaluating subjective complaints.

The issue is not whether plaintiff actually experiences the subjective complaints alleged, but whether those symptoms are credible to the extent that they prevent him from performing substantial gainful activity. *See Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001). The Commissioner may discount subjective complaints where there are inconsistencies in the evidence as a whole. *See Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). The ALJ articulated the inconsistencies on which she relied in discrediting plaintiff's subjective complaints, and those inconsistencies are supported by the record.

Plaintiff argues further that the ALJ improperly relied on the opinions of Dr. McClain, his treating orthopedic surgeon, and Dr. Schlafly, a consultative orthopedic surgeon, to determine plaintiff's residual functional capacity. Plaintiff argues that the ALJ should not have discounted the opinion of Dr. Paff, a consultative physician who examined plaintiff at the request of his attorney. Generally, an ALJ is obliged to give controlling weight to a treating physician's medical opinions that are supported by the record. *See Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005); *Randolph v. Barnhart*, 386 F.3d 835, 839 (8th Cir. 2004); 20 C.F.R. § 404.1527(d)(2) (2005). A medical source opinion that an applicant is "disabled" or "unable to work," however, involves an issue reserved for the Commissioner and, therefore, is not the type of "medical opinion" to which the Commissioner gives controlling weight. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("[T]reating physicians' opinions are not medical opinions that should be credited when they simply state that a claimant cannot be gainfully

6

employed, because they are merely opinions on the application of the statute, a task assigned solely to the discretion of the Commissioner.").

The ALJ noted that Dr. Paff concluded that plaintiff was "disabled from any work for which he might reasonably be qualified." As the ALJ properly stated, this is not the standard for determining if an individual is entitled to disability benefits under the Social Security Act. Furthermore, the issue of disability is reserved for the Commissioner. *See* 20 C.F.R. § 404.1527(e) (2005); Social Security Ruling 96-5p, 1996 WL 374183. In addition, Dr. Paff was not a treating physician.

Plaintiff contends that Dr. Paff's opinion should not have been discounted because he is the only physician who examined plaintiff's back. As previously discussed, however, the medical evidence does not support a disabling back impairment. The record contains only two instances where plaintiff sought treatment for back pain, on July 22, 2003 and on December 4, 2003. Dr. Paff's notes themselves do not support his opinion of a disabling back impairment. He found that straight leg raising was negative to 90 degrees bilaterally, and strength was good. Moreover, x-rays showed only minor arthritis. Plaintiff told Dr. Paff that he got cortisone shots in his back every two or three months, yet the medical evidence does not support this statement. Additionally, Dr. Paff clearly indicated that he considered plaintiff's subjective complaints when making his opinion. The ALJ properly discounted Dr. Paff's opinion and was entitled to determine plaintiff's residual functional capacity based on the opinion of Dr. McClain.

Based on her hypothetical question to a vocational expert, the ALJ concluded that plaintiff would be able to perform the light jobs of assembler and photocopy machine operator. A hypothetical question posed to a vocational expert is sufficient if it sets forth impairments supported by substantial

7

Case 6:05-cv-03270-GAF   Document 15   Filed 02/09/06   Page 7 of 8

evidence in the record and accepted as true by the ALJ.  *See Guilliams v. Barnhart*, 393 F.3d 798, 804 (8th Cir. 2005); *Hunt v. Massanari*, 250 F.3d 622, 625 (8th Cir. 2001).  Because the vocational expert was presented with a proper hypothetical question, her testimony that there were significant numbers of jobs that plaintiff could perform despite his limitations constitutes substantial evidence supporting the ALJ's finding that plaintiff was not disabled.  *See Guilliams v. Barnhart*, 393 F.3d 798, 804 (8th Cir. 2005) (citing *Tucker v. Barnhart*, 363 F.3d 781, 784 (8th Cir. 2004)).

      WHEREFORE, for the reasons stated herein, the Commissioner's decision is affirmed.

      /s/ Gary A. Fenner
      GARY A. FENNER, JUDGE
      United States District Court

DATED:   February 9, 2006